UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINSVILLE DIVISION

CAMILLA KRUITBOSCH and LAURA
JUNIO,

    CASE NO.:

  Plaintiff,

-v-

ALLY FINANCIAL, INC,

  Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiffs, CAMILLA KRUITBOSCH (individually "MS. KRUITBOSCH") and LAURA JUNIO (individually "MRS. JUNIO") (collectively "Plaintiff's"), by and through the undersigned counsel, and sues Defendant, ALLY FINANCIAL, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Alachua County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Alachua County, Florida

10. Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

11. Plaintiffs are "alleged debtors."

12. Plaintiffs are the "called parties." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant is a corporation which was formed in Michigan with its principal place of business located at 500 Woodward Avenue, Detroit, Michigan 48226 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Defendant is a "creditor" as defined in Florida Statute §559.55(5)

16. Defendant called Plaintiffs on their respective cellular telephones approximately one hundred and fifty (150) times in an attempt to collect a debt.

17. Defendant attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify that they knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered their phone before a voice came on the line and they received prerecorded messages from Defendant.

19. Plaintiff, MS. KRUITBOSCH, is the subscriber, regular user and carrier of the cellular telephone number (352) ***- 8641, and was the called party and recipient of Defendant's calls.

20. Plaintiff, MRS. JUNIO, is the subscriber, regular user and carrier of the cellular telephone number (352) ***- 3072, and was the called party and recipient of Defendant's calls.

21. Upon receipt of the calls from Defendant, Plaintiffs' caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (855) 599-5575.

22. On several occasions over the last four (4) years Plaintiffs instructed Defendant's agent(s)/representative(s) to stop calling their respective cellular telephones.

23. In or about December of 2015, and on many other occasions MRS. JUNIO answered a call from Defendant to her aforementioned cellular telephone number. After a brief pause MRS. JUNIO was connected to a live agent/ representative of Defendant and informed the agent/ representative that the telephone calls were harassing and demanded that they cease calling her cellular telephone number.

24. MRS. JUNIO's conversation with Defendant's agent/representative wherein she demanded a cessation of calls were in vain as Defendant continues to bombard her with automated calls unabated.

25. In or about December 2015, and on many other occasions MS. KRUITBOSCH answered a call from Defendant. MS. KRUITBOSCH spoke to an agent/representative of Defendant and demanded that the harassing phone calls to her cellular telephone number cease.

26. Again, in or about February 2016, MS. KRUITBOSCH answered another call from Defendant. MS. KRUITBOSCH again informed the agent/representative that the calls to her aforementioned cellular telephone were harassing and demanded they cease immediately.

27. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiffs on their respective cellular telephones, Defendant continues to place automated calls to Plaintiffs.

28. Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can be expected to harass.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephones in this case.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephones in this case, with no way for the consumer, Plaintiffs, or Defendant, to remove the number.

31. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs; despite these individuals explaining to Defendant they wish for the calls to stop.

32. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34. Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35. Defendant's corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

36. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by Defendant to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Defendant willfully and knowingly violated the TCPA with respect to Plaintiffs.

39. From each and every call placed without consent by Defendant to Plaintiffs' respective cellular telephones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

40. From each and every call without express consent placed by Defendant to Plaintiffs' respective cellular telephones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular telephones by unwelcome calls, making the telephones unavailable for legitimate callers or outgoing calls while the telephones were ringing from Defendant's calls.

41. From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as

they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' respective cellular telephones, which are designed to inform the users of important missed communications.

42. Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock their telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' respective cellular telephones, which are designed to inform the users of important missed communications.

43. Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones resulted in the injury of unnecessary expenditure of Plaintiffs' respective cellular telephones battery power.

44. Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones where a voice message was left which occupied space in Plaintiffs' telephones or network.

45. Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular telephone and their cellular telephone services.

46. As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, anxiety, and aggravation.

## COUNT I
### (Violation of the TCPA)

47. Plaintiffs fully incorporate and re-allege paragraphs one (1) through forty six (46) as if fully set forth herein.

48. Defendant willfully violated the TCPA with respect to Plaintiffs, especially for each of the auto-dialer calls made to Plaintiffs' cellular telephones after Plaintiffs notified Defendant that they wished for the calls to stop.

49. Defendant repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLY FINANCIAL, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50. Plaintiffs fully incorporate and re-allege paragraphs one (1) through forty six (46) as if fully set forth herein.

51. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

53. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

54. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against ALLY FINANCIAL, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
Primary Email: TGomez@ForThePeople.com
Secondary Email: MMartinez@ForThePeople.com
*Attorney for Plaintiff*